## D. D. BARR v. A. L. OLSON.[1]

October 15, 1920.

No. 21,933.

**Broker — action for commission — verdict for defendant sustained.**

1. In an action by a broker to recover a commission upon the sale of real estate the evidence is *held* to sustain the jury's finding that he was not the procuring cause of the sale.

**Charge to jury.**

2. The finding of the jury that the plaintiff was not the procuring cause of the sale makes unimportant the charge of the court upon the amount of the recovery.

Action in the district court for Big Stone county to recover $1,000 for services as broker in the sale of certain real estate. The case was tried before Flaherty, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in

[1]Reported in 179 N. W. 563.

147 M.—4.

favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

Ray G. Farrington and Charles H. Bolsta, for appellant.

A. B. Kaercher, for respondent.

DIBELL, J.

Action by the plaintiff, a real estate broker, to recover commissions. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The defendant sold his farm, including stock and machinery, to one Mork for $13,000. The property was listed with the plaintiff and the only question is whether he was the procuring cause of the sale.

The original contract between the plaintiff and the defendant was that the former, if he procured a purchaser, should have all for which the farm sold in excess of $12,500. The plaintiff claims that it was later agreed that if he should get a purchaser through another agent the selling price should be $13,500 and the commission $1,000. This claim the defendant denies.

The plaintiff claims that he brought the farm to the attention of Kolkjen and Undlin, who were land agents, and that they produced Mork as a purchaser, and that he notified the defendant that the sale was being made through other agents so that the price should be put at $13,500 and a commission of $1,000 earned. Evidence was given in support of these claims.

The defendant and Mork tell a different story. Mork lived in Lac qui Parle county, had just sold his farm, and wanted to buy another. He learned of defendant's farm, which was nine miles north of Correll in Big Stone county, from his neighbor Lund. He was told the location and the price. He and Lund arranged to drive up in his car and look at it. Later he met Undlin and Kolkjen. They wanted to show him some land west of Correll. He told them he had in view a place north of Correll. They told him that if he would look at the farm west of Correll they would take him to the place north free of charge. He went with them, looked at the farm west of Correll, then went to Correll, and then was taken to the defendant's farm. Undlin and Kolkjen were in communication with the plaintiff while at Correll. The plaintiff sent one

De Wall, who was interested with him in some transactions, to the defendant's place. He says he told the defendant that the sale was being made through other agents. The purpose was to have the price put at $13,500. There was some talk about the defendant's reserving four horses which should apply on the commission to the extent of $500. Just what took place between De Wall and the defendant is in dispute. There is also a dispute as to what occurred when Kolkjen and Undlin arranged with Mork to go with them, and as to what took place when they got to the farm. The defendant claims that Kolkjen and Undlin disclaimed any interest in the sale. His testimony is corroborated and it is disputed. He made some effort to reserve three or four horses and some cows. Mork told him that he understood from Lund that the price of $13,000 was to include everything and upon that basis the deal was finally closed. Shortly after the plaintiff came to the farm and the defendant gave him an order for $500 to be paid out of the purchase price when paid. Afterwards he revoked the order. He says that when he gave the order he believed from what the plaintiff said that Mork was procured by him, and that when he revoked the order he had come to the conclusion that he was not. This is a circumstance against the defendant.

The salient features of the case have been stated, though not the facts in detail. Many of the evidentiary facts are in dispute. What the real facts were, and what inferences should be drawn from the undisputed testimony, were for the jury. It might have found either way upon the right to recover $500. The ultimate issue was whether the plaintiff was the procuring cause. It was for the jury and the evidence sustains its finding.

2. Error is predicated on the charge of the court that the plaintiff could in no event recover more than $500, which was the amount for which the farm sold in excess of $12,500. It is likely that this was a correct charge. We need not discuss the question, for, as the trial judge remarks in his memorandum, the amount of the possible recovery is unimportant in view of the jury's finding that the plaintiff did not procure the purchaser and therefore did not earn a commission.

Order affirmed.